```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

CHADWICK SCARBERRY,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:08-0852

PRINCETON COMMUNITY HOSPITAL
ASSOCIATION, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to dismiss for failure to prosecute, filed on July 2, 2009. (Doc. # 9). On September 24, 2009, plaintiff filed a memorandum in opposition to defendant's motion. Regarding the untimeliness of his response, counsel for plaintiff, C. William Davis, contends that the response "was prepared on July 10, 2009, and believed by plaintiff's counsel to have been filed on that date" although the docket sheet does not reflect its filing. For this reason, plaintiff requests that the court excuse the late filing and consider the response on the merits.

By Order entered September 2, 2008, the court granted the joint motion of the parties to stay further proceedings in this matter pending exhaustion of administrative remedies. In its Order, the court also directed the parties "to notify the court once administrative remedies have been exhausted." According to defendant, on February 18, 2009, its counsel prepared a proposed

status report advising the court of the decision of the Benefit Committee of St. Luke's Princeton, LLC to uphold the decision of the third party administrator to deny benefits.  The proposed status report was sent to counsel for plaintiff for approval.  Counsel for plaintiff failed to confer with defendant regarding the report and it was never filed with the court.  Furthermore, the docket sheet in this case shows no activity from entry of the stay on September 2, 2008, until July 2, 2009, when defendant filed the instant motion.

According to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ."  Factors a court should consider in ruling on a motion to dismiss for failure to prosecute are: 1) the degree of personal responsibility of the plaintiff; 2) the amount of prejudice caused the defendant; 3) the existence of a history of deliberately proceeding in a dilatory fashion; and 4) the existence of a sanction less drastic than dismissal.  Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).  A court's decision in this regard is reviewed for an abuse of discretion.  Id. at 95-96.

Defendant has not asserted that it has suffered any prejudice due to plaintiff's inaction.  There is also no history of plaintiff deliberately proceeding in a dilatory fashion.

Counsel for plaintiff contends that any delay was attributable to him, and not to plaintiff.  As to the fourth factor, the court does not believe that a sanction is warranted.  However, even if a sanction was appropriate, dismissal is far too drastic a sanction under the facts and circumstances of this case.  Based on the foregoing, defendant's motion is DENIED.  A new Order and Notice will be entered forthwith.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 1st day of July, 2010.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge